IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08 C 3474 |
| ) | |
| JUAN BANDA, et al. ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for summary judgment. For the reasons stated below, we grant J&J's motion for summary judgment.

## BACKGROUND

J&J alleges that it owned the exclusive television distribution rights to a televised boxing match that took place on May 6, 2006 ("Program"). J&J alleges that Defendant Juan Banda and Defendant El Coral Night Club Inc. ("El Coral") engaged in an unauthorized telecast of the Program by showing the Program at El

1

Coral's facility ("Club") without paying the necessary licensing fee. J&J contends that Defendants obtained the program illegally and willfully broadcast the Program in violation of federal law.

J&J brought the instant action and includes claims brought under 47 U.S.C. § 605 ("Section 605") (Count I), claims brought under 47 U.S.C. § 553 ("Section 553") (Count II), and conversion claims (Count III). J&J brings the instant motion for summary judgment and, despite the fact that the court gave Defendants an opportunity to respond in opposition to the motion for summary judgment, Defendants have not filed anything in opposition to the motion.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in

the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Facts Deemed Admitted by Defendants

The parties were given deadlines for discovery and Defendants were served with a Request to Admit Facts on October 30, 2009 ("Request to Admit"). To date, Defendants have not responded to J&J's Request to Admit pursuant to Federal Rule of Civil Procedure 36 ("Rule 36"), which requires a response to such requests within 30 days. Fed. R. Civ. P. 36(a)(3). J&J argues in support of its motion for summary judgment that by failing to respond to the Request to Admit, all of the statements contained in the Request to Admit are deemed to be admitted. Rule 36(a)(3) states

3

that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection addressed to the matter. . . ." Fed. R. Civ. P. 36(a)(3). It has now been five months since Defendants were served with the Request to Admit and Defendants have not responded in compliance with Rule 36. Thus, we agree with J&J that all of the statements contained in that Request to Admit should be deemed admitted. Among the matters that Defendants have admitted is the fact that Defendants intercepted and broadcast the Program at the Club without ordering the Program from J&J or paying the required licensing fee. (Req. Admit Par. 1-8). Also, among the matters that Defendants have admitted is the fact that Defendants illegally obtained the telecast willfully and intentionally. (Req. Admit Par. 31-34).

The Seventh Circuit has held that default admissions "can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). J&J, therefore, properly moved for summary judgment on the basis of Defendants' admissions. The court set a briefing schedule on the motion for summary judgment and Defendants were given an opportunity to respond to the motion and the accompanying Local Rule 56.1 Statement of Facts by March 20, 2009. The deadline for responding to the motion for summary judgment has passed and Defendants have not filed a brief in opposition to the motion for summary judgment. Nor have Defendants responded to J&J's Local Rule 56.1 Statement of Facts. Local Rule 56.1(b)(3)(B) requires a party who opposes summary judgment to file "a response to each numbered paragraph in the moving party's statement,

including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). If the party opposing summary judgment "fails to dispute the facts set forth in the moving party's statement in a manner dictated by the rule, those facts are deemed admitted for the purposes of the motion." *Cracco v. Vitran Exp., Inc.*, 2009 WL 673655, at *4 (7th Cir. 2009)(stating that "'[b]ecause of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, the court has consistently upheld the district court's discretion to require strict compliance with those rules'")(quoting *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005)). Therefore, since Defendants have failed to respond to J&J's Local Rule 56.1 Statement of Facts, despite the opportunity to do so, the facts contained in that statement are also deemed to be admitted for the purposes of summary judgment.

II. Issues on Summary Judgment

J&J contends that based on the admissions by Defendants there exists no genuine issue of material fact and that J&J is entitled to judgment as a matter of law. As stated above, Defendants had the opportunity to contest J&J's argument by filing a memorandum in opposition to J&J's motion for summary judgment, but failed to do so. A moving party is not automatically entitled to summary judgment simply by virtue of the fact that the opposing party failed to respond to the motion. *See Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994)(stating that "'[a] party is never required to respond to a motion for summary judgment in order to prevail since the

burden of establishing the nonexistence of a material factual dispute always rests with the movant'")(quoting *Smith v. Hudson*, 200 F.3d 60, 64 (6th Cir. 1979)). However, the court agrees with J&J that based on Defendants' admissions, J&J has met its burden of showing that there is no genuine issue of material fact and has shown that it is entitled to summary judgment. Specifically, the undisputed evidence reflects the fact that Defendants illegally obtained and broadcast the Program willfully and intentionally without paying the required licensing fee. (SF Par. 8-11). Based on Defendants' admissions there is undisputed evidence in the record to establish a claim under either Section 605 or Section 553. Section 605 makes it unlawful to "intercept any radio communication and divulge or publish its existence, contents . . . to any person," 47 U.S.C. § 605, and Section 553 outlaws "unauthorized . . . intercept[ing] or receiv[ing] any communications service offered over a cable system." 47 U.S.C. § 605. We note that Section 605 and Section 553 are alternative claims and, although both provisions establish a private cause of action, an aggrieved party cannot recover under both sections for the same act. *See United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996)(stating that "Congress intended for § 605 to apply to the unlawful interception of cable programming transmitted through the air, while it intended for § 553 to apply to the unlawful interception of cable programming while it is actually being transmitted over a cable system"). We also note that the damages provisions under Section 605 and Section 553 are identical and, since the undisputed facts could establish a violation of either statute, it is a moot issue as to which statute is applied in this case. Finally, J&J is entitled to

summary judgment on the conversion claims in Count III, since the undisputed facts establish that Defendants willfully intercepted the Program and converted it for their own use and benefit. *See Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002)(stating that "'[t]he essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held'")(quoting *In re Thebus*, 483 N.E. 2d 1258, 1260 (Ill. 1985)); *Van Diest Supply Co. v. Shelby County State* Bank, 425 F.3d 437, 439 (7th Cir. 2005)(stating that "[i]n order to recover for conversion in Illinois, a plaintiff must show: (1) a right to the property; (2) an absolute and unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property"); *see also DIRECTV, Inc. v. Ostrowski,* 334 F. Supp. 2d 1058, 1065 (N.D. Ill. 2004)(finding that the interception of a satellite signal may constitute conversion under Illinois law). Therefore, we grant J&J's motion for summary judgment in its entirety.

## CONCLUSION

Therefore, based on the forgoing analysis, we grant J&J's motion for summary judgment.

                                                                  _____
                                                                  Samuel Der-Yeghiayan
Dated:   April 8, 2009                              United States District Court Judge